

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-90,442-01 & WR-90,442-02

## EX PARTE DEREK LEE CASEY, JR., Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. 12110-D & 12111-D IN THE 350TH DISTRICT COURT
## FROM TAYLOR COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of aggravated assault of a public servant and sentenced to twenty-five years' imprisonment in each case. Upon Applicant's motion to withdraw, the Eleventh Court of Appeals dismissed his appeal. *Casey v. State*, No. 11-17-00138-CR (Tex. App.—Eastland Dec. 14, 2017) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance for failing to investigate and prepare and for advising Applicant to plead guilty when Applicant did not know the

people in the alleyway were police officers. Applicant also alleges the State withheld material information from the defense, specifically that the officers did not identify themselves.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Brady v. Maryland*, 373 U.S. 83 (1963). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether the police identified themselves and whether this information was made available to the defense prior to Applicant's guilty plea. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 20, 2019
Do not publish